IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MOMENTUS GOLF, INC., <br><br>    Plaintiff, <br><br> vs. <br><br> SWINGRITE GOLF CORPORATION, a/k/a SWINGRITE CORPORATION; GRIPS FORE GOLF; and J & M GOLF, INC., <br><br>    Defendants. | No. 4:02-cv-40252-JEG <br><br> ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    Currently before the Court is Defendant's Motion for Summary Judgment (Clerk's No. 149). A hearing on the motion was held on August 4, 2005. Larry Marcucci appeared for Plaintiff Momentus Golf, Inc. ("Momentus"); Daniel Bresnahan appeared telephonically for Defendant Swingrite Golf Corp. ("Swingrite").

    At the hearing, the Court inquired about the status of Defendants Grips Fore Golf and J & M Golf, Inc. Mr. Marcucci indicated that neither party remains in this action and moved on behalf of Momentus to dismiss Grips Fore Golf and J & M Golf, Inc. Swingrite had no objections, and the Court granted the motion. Accordingly, Swingrite is the only remaining Defendant in the action.

## I. FACTUAL AND PROCEDURAL HISTORY

    The factual and procedural history of this case has been comprehensively set forth in two previous Orders of this Court.[1] Accordingly, the Court presents an abbreviated factual and procedural summary for purposes of the present motion.

---

[1] On August 10, 2004, the Court entered an Order on Plaintiff's Partial Motion for Summary Judgment and Defendant's Motion to Strike (Clerk's No. 135). The Court's Order on Claim Construction (Clerk's No. 83) was entered on March 15, 2004, see Momentus Golf, Inc. v. Swingrite Golf Corp., 312 F. Supp. 2d 1134 (S.D. Iowa 2004). Both orders contain a comprehensive factual and procedural summary of this case.

Momentus filed this action on May 31, 2002, alleging Swingrite infringed on its "GOLF SWING TRAINER" patent, United States Patent No. 5,582,407 (the "'407 patent"). Swingrite answered the Complaint and filed two counterclaims, one for declaratory judgment of non-infringement and invalidity, and the second for interference with prospective business advantage. Various motions and orders followed. Pertinent to the present motion were the Order on Claim Construction and the Order on Plaintiff's Motion for Partial Summary Judgment.

Swingrite filed a motion for claim construction on December 22, 2003, asking for construction of Claims 1 and 9 of the '407 Patent. Momentus resisted, arguing the claims should be given their plain meaning. Following a Markman[2] hearing on the motion, the Court entered its Order on Claim Construction on March 15, 2004. The Court construed Claims 1 and 9 as follows:

> In construing the phrase 'consisting essentially of' in Claim 1, the Court considers the fact that the examiner insisted on a middle ground transitional phrase rather than an open transitional term. Therefore, the examiner intended that the Claim would be open only to elements which 'do not materially affect the basic and novel properties of the invention.' The novel property of the Momentus trainer is that its center of gravity is substantially centered at the midpoint of its solid round shaft, therefore, any element which materially affects this feature would fall outside the scope of the patent. For the reasons stated, the Court must construe the phrase 'consisting essentially of' in Claim 1 as excluding any element, if added to the device would constitute more than 10 percent club head weight, because such an element would materially alter the novel property of the invention.
> . . . .
> Therefore, consistent with the construction of Claim 1, the Court construes Claim 9 to be limited by Claim 1 in that a club head comprising more than 10 percent of the weight of the device would affect the basic and novel property of the invention being its center of gravity substantially centered about the midpoint of the shaft and would fall outside the scope of the '407 patent.

Momentus Golf, Inc. v. Swingrite Golf Corp., 312 F. Supp. 2d 1134, 1144, 1145 (S.D. Iowa 2004) (internal citations omitted) (quoting PPG Indus. v. Guardian Indus. Corp., 156 F.3d 1351, 1354 (Fed. Cir. 1998)).

---

[2] Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd., 517 U.S. 370, 116 S. Ct. 1384 L. Ed. 2d 577 (1996).

Subsequent to the Order on Claim Construction, Momentus filed a motion for partial summary judgment on Defendant's counterclaim for interference with prospective business advantage. On August 10, 2004, the Court granted the Momentus motion for partial summary judgment, finding Swingrite had not met its burden of showing the elements of the tort.[3] Specifically, the Court found that while Swingrite did demonstrate it had prospective business relationships and that Momentus knew of those relationships, Swingrite failed to show Momentus acted with a predominately improper motive and also failed to present admissible evidence of damages or causation.

As the trial date approached, the parties determined that in light of the Court's Order on Claim Construction and grant of partial summary judgment on Swingrite's counterclaim for interference with prospective business advantage, no genuine issues of material fact remained. The Court conferred with counsel, and it was concluded that the Court should proceed in the present manner in order to reach final judgment in this action.

Accordingly, Swingrite filed a Motion for Summary Judgment, arguing this Court's ruling on claim construction excludes Swingrite's products from patent infringement on the '407 Patent. Momentus resists, urging the Court to reconsider its claim construction ruling.

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) states, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[3] The elements of a claim for intentional interference with prospective business relationships are:

    1. A prospective contractual or business relationship;
    2. The defendant knew of the prospective relationship;
    3. The defendant intentionally and improperly interfered with the relationship;
    4. The defendant's interference caused the relationship to fail to materialize; and
    5. The amount of resulting damages.

Blumenthal Inv. Trusts v. City of West Des Moines, 636 N.W.2d 255, 269 (Iowa 2001).

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (quoting Fed. R. Civ. P. 56(c)). "To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case on which it has the burden of proof at trial." Cont'l Grain Co. v. Frank Seitzinger Storage, 837 F.2d 836, 838 (8th Cir. 1988).

The court's function on a motion for summary judgment is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 257. "'On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Econ. Housing Co. v. Cont'l Forest Prods., Inc., 757 F.2d 200, 203 (8th Cir. 1985).

### III. DISCUSSION

In its brief in support of this motion and again at the hearing, Swingrite asserted that in construing Claims 1 and 9 of the '407 Patent, this Court "ruled that the term 'substantially centered' means that the center of gravity is exactly the center of the longitudinal mid-point."

Swingrite argues, therefore, the Court has ruled that the Swingrite Trainer does not infringe on the '407 Patent.

In resistance to the present motion, Momentus argues that the Order on Claim Construction merely stated a legal conclusion about the Court's interpretation of the '407 Patent. Momentus reiterates that the Court's interpretation of the '407 Patent was incorrect and that under a proper interpretation of the '407 Patent, Swingrite would not be entitled to summary judgment. In its brief submitted in resistance to this motion and again at the hearing, Momentus urged the Court to reconsider its interpretation of the '407 Patent.

Contrary to Swingrite's assertion, in the Order on Claim Construction, the Court did not *find* that the term "substantially centered" meant that the center of gravity was *exactly* the center of the longitudinal mid-point. Rather, the Court reasoned that the novel property of the invention was its center of gravity being substantially centered about the midpoint of the shaft.[4]

Momentus' resistance to this motion rests solely on its argument that the Court incorrectly construed the claims of the '407 Patent. In its brief, as well as at the hearing,

---

[4] The relevant portion of the Order stated,

> Momentus argues that substantially centered does not mean that the center of gravity is exactly at the center of the longitudinal midpoint. Momentus further argues the Defendants are trying to read a limitation into the claim that is not present. *The Court disagrees*.
>
> Although Claim 9 provides for the addition of a club head on its device, as discussed above, any addition including a club head which alters the novel property of Momentus' trainer will fall outside the scope of the '407 patent.
>
> Therefore, consistent with the construction of Claim 1, the Court construes Claim 9 to be limited by Claim 1 in that a club head comprising more than 10 percent of the weight of the device would affect the basic and novel property of the invention being its center of gravity substantially centered about the midpoint of the shaft and would fall outside the scope of the '407 patent.

Momentus, 312 F. Supp. 2d at 1144 (emphasis added).

Momentus conceded that if the Court did not reconsider its Order on Claim Construction, there would be no genuine issue of material fact on its claims of infringement against Swingrite to prevent the entry of summary judgment. As the Court has previously reasoned,[5] the Court finds no reason on this record to change the claim construction determination. Moreover, the Court need not consider the untimely revisited nor the newly asserted arguments put forward by Momentus in urging the Court to once again reconsider its March 15, 2004, Order on Claim Construction. Even a timely motion to reconsider is not a vehicle to present new arguments. Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004) (citing Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (reasoning a motion to reconsider is not a proper vehicle for raising new arguments).

### IV.  CONCLUSION

The Court finds no reason on this record to change the determinations set forth in the Order on Claim Construction; therefore, the March 15, 2004, Order stands. As Momentus' counsel conceded at the hearing, if the Court allows that Order to stand, no genuine issue of material fact remains on its patent infringement claim against Swingrite to prevent the entry of summary judgment. Anderson, 477 U.S. at 249. The Court finds no triable issue remains; therefore, Swingrite's Motion for Summary Judgment on Momentus' claim of patent infringement (Clerk's No. 149) must be **granted**. Swingrite's previously filed Motion for Judgment as a Matter of Law (Clerk's No. 141) is **denied** as moot.

On November 15, 2004, pursuant to Federal Rule of Civil Procedure 42, the Court entered an Order Separating Issues for Trial (Clerk's No. 144). In that Order, the Court separated Momentus' claim for patent infringement from the issue of damages and Swingrite's

---

[5] See Order of Court (Clerk's No. 108) entered May 4, 2005.

counterclaim for declaratory judgment.[6]  Accordingly, this Order constitutes final judgment on Momentus' claim for patent infringement.  See Reeves v. Beardall, 316 U.S. 283, 285 (1942).

> ([T]he provision of Rule 42 which permits the court to order a separate trial of any separate claim or issue indicate a 'definite policy' to permit the entry of separate judgments where the claims are 'entirely distinct'.  Such a separate judgment will frequently be a final judgment and appealable, though no disposition has been made of the other claims in the action.)

While the Swingrite Counterclaim remains, and to the extent necessary to place the patent infringement action in proper posture for appeal, the Court specifically finds there is no just reason for delay, and the Court further certifies pursuant to the provisions of Fed. R. Civ. P. 54(b) that the entry of judgment by the Clerk shall constitute the final appealable judgment as to the patent infringement action.  The Clerk of Court is directed to enter Judgment in favor of Defendant and against Plaintiff on Plaintiff's claim for patent infringement.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2005.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Swingrite counterclaim for declaratory judgment seeks a finding of noninfringement and invalidity.  The issue of noninfringement would be absorbed by this ruling on the motion for summary judgment.  However, the claim for invalidity is not so dispatched.  See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95-102 (1993).  The parties expect the patent infringement action will be brought to final judgment for purposes of appeal, and the Court is confident the parties do not anticipate further proceedings regarding the invalidity claim at the present time.  Therefore, the Court will certify the patent infringement claim is final pursuant to the provisions of Fed. R. Civ. P. 54(b).